**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| FABIO ECHEVERRI,<br><br>          Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., EQUIFAX INFORMATION<br>SERVICES LLC, INNOVIS DATA<br>SOLUTIONS, INC., and SYNCHRONY<br>FINANCIAL, INC.,<br><br>          Defendants. | CASE NO.: 1:26-cv-22353 |

## INNOVIS DATA SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Innovis Data Solutions, Inc. ("Innovis"), for its response to Plaintiff's Complaint, answers as follows:

1. Plaintiff, Fabio Echeverri (hereinafter "Plaintiff" or "Mr. Echeverri") brings this action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), Innovis Data Solutions, Inc. ("Innovis"), and Synchrony Financial, Inc. ("Synchrony") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA").

**RESPONSE**:  Innovis denies that it violated the FCRA or is liable to Plaintiff under the FCRA. Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations against the other Defendants.

2. Plaintiff further alleges violation of the Florida Consumer Collection Practices Act, Florida Statute §559.72 et. seq. (hereinafter "FCCPA") against Synchrony.

**RESPONSE**:  The allegations in Paragraph 2 are not directed to Innovis. To the extent a response is required, Innovis denies that it violated the FCCPA and lacks knowledge or information sufficient to form a belief about the truth of the allegations against Synchrony.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

**RESPONSE**:  Paragraph 3 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

4.      Supplemental jurisdiction exists for Plaintiffs FCCPA claims pursuant to 28 U.S.C. § 1367.

**RESPONSE**:  Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation as to Plaintiff's FCCPA claim against Synchrony.

5.      Defendants' voluntary contact with Plaintiff in Florida made it foreseeable that they would be hailed into a Florida court. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

**RESPONSE**:  Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6.      Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Pinellas County, Florida.

**RESPONSE**:  Paragraph 6 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies that a substantial part of the events giving rise to Plaintiff's claims occurred in Pinellas County, Florida, which is not located in the Southern District of Florida. Innovis admits only that the Complaint alleges Plaintiff resides in Miami-Dade County, Florida. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2

**PARTIES**

7.      Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Miami-Dade County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C. §1692a(3) and Florida Statute §559.55(8).

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation. Innovis admits that its records reflect Plaintiff provided a Florida address but lacks sufficient information to admit residency as alleged.

8.      Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9.      Experian is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10.      Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

11.      Equifax is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

3

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

12.    Defendant Innovis is a corporation incorporated under the laws of the State of Missouri that regularly conducts business in the State of Florida or is registered to conduct business in the state of Florida with a principal place of business located at 25o East Broad Street, 18th Floor, Columbus, Ohio 43215. Innovis is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**RESPONSE**:  Innovis admits that it is incorporated in Missouri, with a principal business address of 1651 NW Professional PLZ Columbus, OH 43220. Further, Paragraph 12 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis admits only that a court could find some of the products that Innovis sells to its customers to be "consumer reports," as the FCRA defines that term, and that a court could likewise find that Innovis's activities in the course of preparing those reports are the activities of a "consumer reporting agency," as the FCRA defines that term. Innovis lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.

13.    Defendant Innovis is a "debt collector" within the meaning of Florida Statute §559.55(7).

**RESPONSE**:  Paragraph 13 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 13.

14.    Defendant Synchrony is a corporation incorporated under the laws of the State of Delaware that regularly conducts business in the State of Florida or is registered to conduct business in the State of Florida with a principal place of business located at 777 Long Ridge Road, Stamford, CT 06902.

4

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

15.     Defendant Synchrony is a "debt collector" within the meaning of Florida Statute §559.55(7).

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

16.     Defendant Synchrony uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to the consumer reporting agencies, Innovis, Equifax and Experian, (collectively "credit reporting agencies").

**RESPONSE**:  Innovis admits only that Synchrony has furnished certain consumer account information to Innovis. Innovis lacks knowledge or information sufficient to form a belief about the truth of  the remaining allegations, including allegations concerning Synchrony's use of instrumentalities of interstate commerce or furnishing to other consumer reporting agencies.

17.     These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which have effects on consumers and their credit reports within the State of Florida.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT

18.     The Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq., was originally enacted in 197O for the purpose of regulating the collection, dissemination, and use of consumer credit information.

**RESPONSE**:  The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

19.    Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." See 15 U.S.C. §1.681.(a)(1).

**RESPONSE**:   The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

20.    "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy." The Fair Credit Reporting Act seeks to secure these rights." Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969).

**RESPONSE**:   The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

21.    A "furnisher of information" provides information about consumers' credit history to credit reporting agencies. See 15 U.S.C. §1681s-2.

**RESPONSE**:   The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

22.    Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities

with fairness, impartiality, and a respect for the consumer's right to privacy." See 15 U.S.C. § 1681(a)(3),(4).

**RESPONSE**:  The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

23.      The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

**RESPONSE**:  The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

24.      Prior to the 2003 amendments, victims of identity theft were afforded no special protections under the FCRA. As such, consumer reporting agencies ("CRAs", and also referred to herein as "credit reporting agencies") were under no obligation to treat an identity theft claim any different than a regular dispute.

**RESPONSE**:  The FCRA and cited authorities speak for themselves. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

25.      The 2003 amendments made it easier for identity theft victims to get information resulting from identity theft removed from their credit reports. By enacting 15 U.S.C. § 1681c-2(a), Congress required credit reporting agencies to block the reporting of any information in the file of a consumer that the consumer identifies as resulting from identity theft, not later than four business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report,

7

(3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

**RESPONSE**:  Paragraph 25 quotes and paraphrases portions of 15 U.S.C. § 1681c-2, which speaks for itself. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or omit limitations and defenses in the full statutory text.

26.    A credit reporting agency may decline to "block" information only if the credit reporting agency reasonably determines that the consumer's request is made in error, was based on a material misrepresentation or the consumer obtained goods, services or money as a result of the blocked transaction. See 15 U.S.C. § 1681c-2(c)(1). 15. If a block is declined, the credit reporting agency must then notify the consumer promptly, in the same manner as consumers are notified of the reinsertion of information under § 168ii(a)(5)(B). See 15 U.S.C. §§ 1681c-2(c)(2).

**RESPONSE**:  Paragraph 26 calls for a legal conclusion to which no response is required and also quotes and paraphrases parts of , 15 U.S.C. § 1681c-2 and § 168ii(a), which speaks for itself. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the cited regulation or applicable law.

27.    In the absence of such a determination of material misrepresentation or error, a credit reporting agency cannot decline a request to block without first requesting additional information from the consumer for the purpose of determining the validity of the alleged identity theft. See 12 C.F.R. § 1022.3(i)(1)(iii)(A).

**RESPONSE**:  Paragraph 27 calls for a legal conclusion to which no response is required and also quotes and paraphrases regulatory material, which speaks for itself. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the cited regulation or applicable law.

28.    "[I]f a CRA receives a police report containing detailed information as well as the signature, badge number, or other identifying information for the officer taking the report, it is not

reasonable for the CRA to request additional information without `an identifiable concern,' such as an indication that the report was fraudulent." Osada v. Experian Info. Solutions, Inc., No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.3(c)(1) (renumbered at 12 C.F.R. § 1022.3(i)(3)(i)).

**RESPONSE**:  Paragraph 28 calls for a legal conclusion to which no response is required and also quotes and characterizes an out-of-circuit district court decision, which speaks for itself. Innovis denies that the cited authority is binding on this Court or establishes any violation by Innovis in this case. To the extent a response is required, Innovis denies any and all allegations in Paragraph 28 that are contrary to law.

29.    The FCRA requires a credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" each time it prepares a consumer report. 15 U.S.C. § 1681e(b).

**RESPONSE**:  Paragraph 29 calls for a legal conclusion to which no response is required. The FCRA speaks for itself. Innovis denies Plaintiff's allegations to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

30.    The FCRA requires that if a consumer disputes any item of information contained in their credit file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."15 U.S.C.S. § 1681i(a)(1)(A).

**RESPONSE**:  The FCRA speaks for itself. Paragraph 30 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all

allegations in Paragraph 30 to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

31.     In performing the reinvestigation, the FCRA requires the credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C.S. § 1681i(a)(4).

**RESPONSE**:  The FCRA speaks for itself. Paragraph 31 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 31 to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

32.     The FCRA also requires the credit reporting agency to provide notification of the dispute to the person who provided any item that is disputed, along with all relevant information received from the consumer regarding the dispute. 15 U.S.C.S. § 1681i(a)(2)(A).

**RESPONSE**:  The FCRA speaks for itself. Paragraph 32 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 32 to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

33.     The FCRA requirements are important, because they help credit reporting agencies ensure that the information in their consumer reports is accurate, they assure that consumers know all the information that is in their files and who has received or requested their reports, and they protect consumer privacy.

**RESPONSE**:  The FCRA speaks for itself. Paragraph 33 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 33 to the extent they contradict, are inconsistent with, or oversimplify the FCRA's full text, legislative history, agency guidance, and judicial interpretation.

34. If the violation is negligent, the FCRA allows the consumer to recover actual damages. 15 U.S.C. § 16810(a).

**RESPONSE**: Paragraph 34 quotes and paraphrases portions of the FCRA's civil liability provisions, which speak for themselves and also calls for a legal conclusion to which no response is required. Innovis denies that Plaintiff is entitled to any recovery from Innovis. To the extent a response is required, Innovis denies any and all allegations in Paragraph 34 that are contrary to law.

35. If the violation is willful, the consumer may recover any actual damages, or statutory damages of not less than $100 and not more than $1,000, and punitive damages. 15 U.S.C. § 168m(a).

**RESPONSE**: Paragraph 35 quotes and paraphrases portions of the FCRA's civil liability provisions, which speak for themselves and also calls for a legal conclusion to which no response is required. Innovis denies that Plaintiff is entitled to any recovery from Innovis. To the extent a response is required, Innovis denies any and all allegations in Paragraph 35 that are contrary to law.

36. A consumer who succeeds on a FCRA action is also entitled to recover their costs and reasonable attorney fees. 15 U.S.C. §§ 168m(a)(3), 1681o(a)(2).

**RESPONSE**: Paragraph 36 quotes and paraphrases portions of the FCRA's civil liability provisions, which speak for themselves and also calls for a legal conclusion to which no response is required. Innovis denies that Plaintiff is entitled to any recovery from Innovis. To the extent a response is required, Innovis denies any and all allegations in Paragraph 36 that are contrary to law.

37. The FCRA provides a private right of action against any person that violates the provisions of the FCRA. See 15 U.S.C. §§ 1681o, 1691n.

11

**RESPONSE**:  The FCRA speaks for itself. Paragraph 37 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 37 that are contrary to law.

38.     The FCRA prohibits a CRA from furnishing a consumer report on a consumer unless it has reason to believe that the person requesting the report intends to use the information in connection with a credit transaction, insurance underwriting, or other legitimate business purpose involving the consumer on whom the information is to be furnished. 15 U.S.C. § 1681b(a)(3).

**RESPONSE**:  Paragraph 38 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 38 that are contrary to law.

39.     The FCRA prohibits a CRA from furnishing to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer. 15 U.S.C. § 1681b(c)(3).

**RESPONSE**:  Paragraph 39 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 39 that are contrary to law.

40.     "Furnishers of information" under the FCRA, pursuant to 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into each of the written disputes that it receives from the credit reporting agencies. See also Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 13O2 (11th Cir. 2016).

**RESPONSE**:  The cited authorities speak for themselves. Paragraph 40 calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 40 against it or that are contrary to law.

41.     The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports. 15 U.S.C. § 1681e(b). If a consumer disputes information contained in their credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."15 U.S.C.S. § 1681i(a)(1)(A).

**RESPONSE**:  Paragraph 41 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 41 that are contrary to law.

42.     If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall...(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681(a)(5)(A)(i),(ii).

**RESPONSE**:  Paragraph 42 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 42 that are contrary to law.

43.     If the violation is negligent, the FCRA allows the consumer to recover actual damages (§1681o(a)); however, if the violation is willful, the consumer may recover any actual damages or statutory damages from not less than $100.00 and not more than $1,000. § 1681n(a).

**RESPONSE**:  Paragraph 43 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 43 that are contrary to law.

13

44.     Under the FCRA, the term "consumer report" generally refers to any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-credit or insurance to be used primarily for personal, family, or household purposes;

a.     employment purposes; or

b.     any other purpose authorized under section 1.681.13 of this title." U.S.C. § 1681a(d)(1).

**RESPONSE**:  Paragraph 44 quotes and paraphrases the FCRA definition of "consumer report," which speaks for itself and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 44 to the extent they contradict, are inconsistent with, or miscite the statutory text.

45.     The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

**RESPONSE**:  Paragraph 45 calls for a legal conclusion to which no response is required. Innovis admits only that Plaintiff uses those terms synonymously in the Complaint. Innovis denies that Plaintiff's usage controls the meaning of any FCRA term. To the extent a response is required, Innovis denies any and all allegations in Paragraph 45 that are contrary to law.

46.     The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRAs may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

**RESPONSE**:  Paragraph 46 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 46 that are contrary to law.

47. To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian along with Innovis Data Solutions, Inc., developed and implemented a browser-based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

**RESPONSE**: Innovis admits only that e-OSCAR is a browser-based system used by participating consumer reporting agencies and furnishers to process certain consumer disputes. Innovis denies that the existence or use of e-OSCAR establishes any violation of the FCRA, any unreasonable reinvestigation, or any failure to block information in this case. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

48. The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

**RESPONSE**: The referenced webpage speaks for itself and Innovis admits that the system is commonly referred to as e-OSCAR. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

49. The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2O25).

**RESPONSE**: The allegations in paragraph 49 refer to a web page that is not maintained by Innovis, which speaks for itself. To the extent the allegations in paragraph 49 vary from the web page itself, they are denied.

50.     The National CRAs provide notice of a consumer's dispute to data furnishers in the ACDV format and forward the ACDV to the furnisher through e-OSCAR.

**RESPONSE**:  Innovis admits only that consumer reporting agencies may use e-OSCAR and ACDVs to communicate certain disputes to furnishers. Innovis denies that this allegation establishes any violation by Innovis  and Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

51.     If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 16815-2(b)(1)(D).

**RESPONSE**:  Paragraph 51 quotes and paraphrases a portion of the FCRA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 51 that are contrary to law.

52.     The e-OSCAR system facilitates the furnisher's compliance with 1.5 U.S.C. § 16815-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2O25).

**RESPONSE**:  The allegations in paragraph 52 refer to a web page that is not maintained by Innovis, which speaks for itself. To the extent the allegations in paragraph 52 vary from the web page itself, they are denied.

53.     Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

**RESPONSE**:  The allegations in paragraph 53 refer to a web page that is not maintained by Innovis, which speaks for itself. To the extent the allegations in paragraph 53 vary from the web page itself, they are denied.

16

54.     Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and state that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See https://www.transunion.com/data-reporting/support-teams (last accessed December 9, 2025).

**RESPONSE**:  The allegations in paragraph 54 refer to a web page that is not maintained by Innovis, which speaks for itself. To the extent the allegations in paragraph 54 vary from the web page itself, they are denied.

### The FCCPA

55.     The FCCPA's goal is to "provide the consumer with the most protection possible." See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (nth Cir. 2010) (citing Fla. Stat. § 559.552).

**RESPONSE**:  Paragraph 55 quotes, paraphrases, or characterizes the FCCPA and related case law, which speak for themselves. The FCCPA claim is not asserted against Innovis. Paragraph 55 also calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 55 that are contrary to law and lacks knowledge or information sufficient to form a belief about the truth of allegations directed to Synchrony.

56.     The FCCPA provides that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." See Fla. Stat. § 559.72(9).

**RESPONSE**:  Paragraph 56  quotes, paraphrases, or characterizes the FCCPA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 56 that are contrary to law and lacks knowledge or information sufficient to form a belief about the truth of allegations directed to Synchrony.

57. "The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." See Fla. Stat. §559.77(2).

**RESPONSE**: Paragraph 57 quotes, paraphrases, or characterizes the FCCPA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 57 that are contrary to law and lacks knowledge or information sufficient to form a belief about the truth of allegations directed to Synchrony .

58. As a consumer, The Plaintiff has a private right of action against Synchrony pursuant to Florida Statute §559.77(2), which provides that "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages . . . not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." (omissions added).

**RESPONSE**: Paragraph 58 quotes, paraphrases, or characterizes the FCCPA and calls for a legal conclusion to which no response is required. To the extent a response is required, Innovis denies any and all allegations in Paragraph 58 that are contrary to law and lacks knowledge or information sufficient to form a belief about the truth of allegations directed to Synchrony.

**FACTUAL ALLEGATIONS**

59. The Plaintiff, Fabio Echeverri residing at 255 W 61st Street, Hialeah, Florida 33O12, is a documented victim of identity theft. Plaintiff has been the victim of fraudulent activities wherein one or more unknown individual(s) obtained AT&T phone services in his name without authorization. Subsequently, one or more fraudulent actor(s) opened or utilized Room To Go credit from a Synchrony account to purchase furniture in the Plaintiffs name and further used a Lowe's store credit from a Synchrony account, also fraudulently opened in the Plaintiffs name, to purchase additional items. These activities were carried out without the Plaintiff's knowledge, consent, or authorization. Subsequently, Synchrony sought to claim amounts owed on one or more

of these Synchrony accounts despite knowing one or more of these accounts had balances that arose from fraudulent actions without Plaintiffs knowledge, consent or authorization.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

60.    On October 3, 2024, Plaintiff filed an identity-theft report with the Hialeah Police Department ("Police Report"), after discovering multiple fraudulent accounts and unauthorized charges appearing in his name. In support of his report, the Plaintiff provided documentation showing transactions and account activity he had never authorized, opened, or used. Plaintiff has taken all reasonable steps to notify law enforcement authorities and relevant agencies of the fraudulent activities.

**RESPONSE**:  Innovis admits only that Plaintiff's dispute materials included a document purporting to be a police report. Otherwise, Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

61.    1n the Police Report, Plaintiff stated that on August 26, 2024 he received a combined billing statement from Rooms To Go and Lowe's reflecting a total charge of $11,506.26 which he did not authorize or recognize. The Plaintiff further stated that although he had opened credit card accounts with each business, he had never used the cards, had left them unused, and had not engaged in any transactions with either merchant. The Plaintiff explained that he did not know who could have accessed or used his credit card information and that the fraudulent charges occurred without any form of authorization or identification from him.

**RESPONSE**:  The allegations in paragraph 61 refer to a document which speaks for itself. Innovis denies any characterization of the Police Report that is inconsistent with the document, including any implication that the Police Report conclusively established an FCRA violation by Innovis.

**Disputes with Equifax and Synchrony**

62.     Plaintiff mailed a written dispute letter to Equifax, which was delivered to Equifax on April 11, 2025, disputing several inaccurate and fraudulent items reported on his consumer report and provided his Police Report.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

63.     The Plaintiff disputed a hard inquiry reported by Capital One Bank USA, with an inquiry date of February 8, 2024. On or about April 17, 2025, Equifax wrongfully issued a block refusal. On May 3, 2025, the Plaintiff received dispute results instructing him to "contact creditor directly and follow the dispute." However, upon reviewing a subsequent credit report dated September 11, 2025, the Plaintiff found that the said hard inquiry had finally been deleted.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

64.     The Plaintiff disputed a hard inquiry reported by Citibank NA, WAYMC, with an inquiry date of December 26, 2023. On or about April 17, 2025, Equifax wrongfully issued a block refusal. On May 3, 2025, Equifax provided dispute results instructing the Plaintiff to "contact creditor directly and follow the dispute." Upon reviewing the subsequent credit report dated September ii, 2025, the Plaintiff observed that the said inquiry continued to be verified.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

65.     The Plaintiff disputed a fraudulent tradeline reported by SYNCB/Lowes, Account No. 79819271089822901. On or about April 17, 2025, Equifax wrongfully issued a block refusal. Thereafter, on May 3, 2025, the Plaintiff received dispute results reflecting "not reported" but not deleted. Upon reviewing his subsequent credit report dated September 11, 2025, the Plaintiff found that the disputed tradeline had finally been deleted.

20

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

66.     The Plaintiff disputed a fraudulent tradeline reported by SYNCB/Rooms To Go, Account No. 601919350593'. On or about April 17, 2025, Equifax wrongfully issued a block refusal. Thereafter, on May 3, 2025, the Plaintiff received dispute results showing the tradeline was wrongfully verified. On May 8, 2025, the Plaintiff received a communication from Synchrony Bank stating that the account would not be reported. Upon reviewing his subsequent credit report dated September 11, 2025, the Plaintiff noted that the tradeline had been deleted.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

67.     The Plaintiff disputed a hard inquiry reported by TD Bank USA/Target, with an inquiry date of March 12, 2024. On or about April 17, 2025, Equifax wrongfully issued a block refusal. On May 3, 2025, the Plaintiff received dispute results instructing him to "contact creditor directly and follow the dispute." Upon reviewing a subsequent credit report dated September 11, 2025, the Plaintiff observed that the said hard inquiry continued to be verified.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**Disputes with Experian and Synchrony**

68.     Plaintiff mailed a written dispute letter to Experian, which was delivered to Experian on April 9, 2025, disputing several inaccurate and fraudulent items reported on his consumer report and provided his Police Report.

**RESPONSE**: Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

21

69.     The Plaintiff disputed a hard inquiry reported by Capital One NA, with an inquiry date of August 2, 2024. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the inquiry continued to be verified by Experian.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

70.     The Plaintiff disputed a fraudulent address reported by Experian as 1069 Eustis Street, Shreveport, LA 71104, reported in 2024. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the address continued to be verified by Experian.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

71.     The Plaintiff disputed a hard inquiry reported by SYNCB/MC, with an inquiry date of March 3, 2024. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the inquiry continued to be verified.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

72.     The Plaintiff disputed a fraudulent tradeline reported by SYNCB/Rooms To Go, Account No. 601919****. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the tradeline had been deleted. Upon information and belief, no reinvestigation correspondence was provided by Experian, and this disputed fraudulent tradeline was not removed within thirty (30) days after it was disputed.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

73.     Plaintiff mailed a second dispute letter to Experian, which was delivered on June 18, 2025. This letter disputed a fraudulent address reported by Experian as 1069 Eustis Street, Shreveport, LA 71104, reported in 2024. Upon reviewing the subsequent credit report dated

September 11, 2025, the Plaintiff observed that the address remained verified by Experian. This letter further disputed a hard inquiry reported by Capital One NA, with an inquiry date of August 2, 2024. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the inquiry continued to be verified by Experian. This letter further disputed a hard inquiry reported by SYNCB/MC, with an inquiry date of March 3, 2024. Upon reviewing the subsequent credit report dated September 11, 2025, the Plaintiff observed that the inquiry continued to be verified by Experian.

**RESPONSE**:  Innovis lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**Disputes with Innovis and Synchrony**

74.     The Plaintiff mailed a dispute letter to Innovis which was duly received by Innovis on April 11, 2025, challenging several inaccurate and fraudulent items reported on his consumer report and provided his Police Report. Innovis communicated with Synchrony regarding the contents of this dispute letter and received responses from Synchrony with respect to the contents of this dispute letter and Innovis acted or failed to act based on their communication with Synchrony regarding the contents of the dispute letter.

**RESPONSE**:  Innovis admits only that it received a written dispute from Plaintiff that identified certain disputed addresses and certain Synchrony accounts, including a JCPenney account ending in 8460, a Lowe's account ending in 2901, and a Rooms To Go account ending in 3894.

Innovis further states that, based on the account identifiers provided by Plaintiff, the JCPenney account ending in 8460 was blocked, and the Lowe's account ending in 2901 and Rooms To Go account ending in 3894 were not reporting in Plaintiff's Innovis file. Innovis denies that it acted or failed to act unlawfully, unreasonably, or in violation of the FCRA. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

23

75.     This dispute letter disputed a fraudulent tradeline reported by SYNCB/Lowes, account ending in *2901, wherein a reported balance of $ 2,601 was fraudulent. The correct balance should have been $0, as the account had been taken over. The Plaintiff also disputed the late payment notation for November 2024, which was incorrect. Upon reinvestigation dated April 12, 2025, Innovis verified the tradeline. Upon reviewing the Innovis Credit Report dated September 11, 2025, the Plaintiff observed the tradeline had finally been deleted by Innovis.

**RESPONSE**:     Innovis admits only that Plaintiff's dispute letter identified a SYNCB/Lowe's account ending in 2901 and alleged that the account was fraudulent. Innovis denies that a SYNCB/Lowe's account that was ending in 2901 and/or had a reported balance of $2,601 and/or had a late payment notation for November 2024 was reporting in Plaintiff's Innovis file at the time of Plaintiff's dispute. Innovis therefore denies that it verified, continued reporting, or later deleted a SYNCB/Lowe's tradeline ending in 2901 from Plaintiff's Innovis file. Innovis further denies that it violated the FCRA or caused Plaintiff any damage. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

76.     This dispute letter further disputed a fraudulent tradeline reported by SYNCB/Rooms To Go, Account ending in *3894, wherein the reported balance of $163 was fraudulent, as the card had never been used by the Plaintiff. Upon reinvestigation dated April 12, 2025, Innovis verified the tradeline. Upon reviewing the Innovis Credit Report dated September 11, 2025, the Plaintiff observed the tradeline had finally been deleted by Innovis.

**RESPONSE**:     Innovis admits only that Plaintiff's dispute letter identified a SYNCB/Rooms To Go account ending in 3894 and alleged that the account was fraudulent. Innovis denies that a SYNCB/Rooms To Go account that was ending in 3894 and/or had a reported balance of $163 was reporting in Plaintiff's Innovis file at the time of Plaintiff's dispute. Innovis therefore denies that it verified, continued reporting, or later deleted a SYNCB/Rooms To Go tradeline ending in 3894 from Plaintiff's Innovis file. Innovis denies that it violated the FCRA or

24

caused Plaintiff any damage. Innovis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**Plaintiffs Damages**

77.     Defendants' derogatory and inaccurate reporting of the above-described fraudulent tradelines, account information and inquiries on Plaintiffs credit reports negatively reflect upon Plaintiffs financial obligations, credit score and credit worthiness to existing and potential creditors.

     **RESPONSE**:  Denied.

78.     Courts have regularly held that allegations of lower credit scores, taken as true, are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III. See Pedro v. Equifax, Inc., 868 F.3d 1275 (nth Cir. 2017) ("[H]er credit score dropped 100 points as a result of the challenged conduct. Because Pedro alleged that she suffered an injury in fact, she has standing to pursue her complaint."); See Diedrich v. Ocwen Loan Servicing, LLC, 839 $_{F•3d}$ 583 (7th Cir. 2016) (standing where Plaintiffs alleged that they "have suffered damage to their credit and been forced to pay Ocwen greater payments and a higher interest rate"); See Santangelo v. Comcast Corp., 162 F. Supp. 3d 691 (N.D. III. 2016) ("a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing"); See Binns v. Ocwen Loan Servicing, LLC, No. 14- 01764, 2015 U.S. Dist. LEXIS 132743, 2015 WL 5785693, at *9 (S.D. Ind. Sept. 30, 2015) ("injuries to plaintiffs' credit scores and reputations were considered intangible harms"); See Rothman v. U.S. Bank Nat'l Ass'n, No. 13-03381, 2014 U.S. Dist. LEXIS 141100, 2014 WL 4966907, at *5 (N.D. Cal. Oct. 3, 2014) ("Injury to a credit score is sufficient to constitute `actual damages"); See Green v. RentGrow, Inc., No. 2:16cv421, 2016 U.S. Dist. LEXIS 166229 ("A decrease in credit score may still establish an injury in fact sufficient to confer standing"); See Adams v. Fifth Third Bank, No. 3:16-CV-00218-TBR, 2017 U.S. Dist. LEXIS 18932 (W.D. Ky. Feb. 9, 2017) ("Plaintiffs' allegations of lower credit scores ... are

25

sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III."); and,

See Coulbertson v. Experian Info. Sols., Inc., No. 16-cv-05672-RS, 2017 U.S. Dist. LEXIS 69484 (N.D. Cal. Mar. 24, 2017) ("At a minimum, Coulbertson has alleged a sufficient injury-in-fact through her claim that her credit score suffered as a result of the credit report she disputes").

**RESPONSE**: Paragraph 78 quotes and characterizes case law, which speaks for itself and calls for a legal conclusion to which no response is required. Innovis denies that Plaintiff has Article III standing to pursue claims against Innovis absent a concrete injury fairly traceable to Innovis. Innovis further denies that any alleged credit-score injury was caused by Innovis. To the extent a response is required, Innovis denies any and all allegations in Paragraph 78 that are contrary to law.

79.     As a result of Defendants' conduct, including the continued publication of false identifying information or tradelines, Plaintiff suffered concrete injuries, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information remaining in his credit files, damage to his reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and meaningful dispute resolution. These injuries are concrete and particularized and confer standing under Article III. See *Coulter v. Sagestream, LLC,* 501 F.SuPP.3d 298 (2020); *Norman v. Trans Union, LLC,* 669 F.Supp.3d 351 (2023); *Chaitoff v. Experian Information Solutions, Inc.,* 79 F.4th 800 (2023).

**RESPONSE**: Denied. Innovis denies that it continued to publish false information, caused reputational harm, caused loss of credit, caused emotional distress, or deprived Plaintiff of any statutory right.

**Pattern of Noncompliance**

26

80.     Despite repeated written disputes, delivery-confirmed notices, and submission of a Police Report documenting identity theft, Defendants failed to conduct reasonable reinvestigations as required by the FCRA.

**RESPONSE**:     Denied. Innovis states that it maintained and followed reasonable procedures and conducted a reasonable reinvestigation in response to Plaintiff's dispute.

81.     Defendants deleted certain disputed items while continuing to verify other items arising from the same identity theft, demonstrating inconsistent reinvestigation practices and improper reliance on furnishers.

**RESPONSE**:     Denied. Innovis denies that any deletion of disputed information demonstrates inconsistent reinvestigation practices, improper reliance on furnishers, or any FCRA violation.

82.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered reduced credit scores, emotional distress, anxiety, frustration, and financial harm.

**RESPONSE**:     Denied. Innovis denies that any act or omission of Innovis directly or proximately caused Plaintiff any reduced credit score, emotional distress, anxiety, frustration, or financial harm.

### COUNT I - VIOLATIONS OF I5 U.S.C. §1681C-2
### AGAINST INNOVIS

83.     Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 and incorporates those responses here by reference.

84.     During the relevant timeframe, Innovis received Plaintiffs disputes which requested a block of the fraudulent information.

**RESPONSE**:   Innovis admits only that it received a written dispute from Plaintiff identifying certain disputed addresses, inquiries and certain Synchrony accounts, including a JCPenney account ending in 8460, a Lowe's account ending in 2901, and a Rooms To Go account ending in 3894. Innovis further states that the JCPenney account ending in 8460 was blocked, and that the Lowe's account ending in 2901 and Rooms To Go account ending in 3894 were not reporting in Plaintiff's Innovis file. Innovis denies any remaining allegations.

85.     Plaintiff disputed the information on his Innovis credit report, identified himself, advised Innovis of the information being fraudulent, furnished Innovis with a copy of his police report and requested that Innovis block the fraudulent information.

**RESPONSE**:  The allegations in paragraph 85 refer to a document which speaks for itself. Innovis denies any allegation that Plaintiff's submission satisfied all requirements of - or that Innovis failed to comply with - the FCRA. To the extent the allegations in paragraph 85 vary from the document itself, they are denied.

86.     Rather than block the fraudulent information, Innovis negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with a Police Report confirming Plaintiff was the victim of identity theft, in violation of Section 1681c-2.

**RESPONSE**:  Denied. Innovis denies that it disregarded any obligation under the FCRA, denies that it merely sought verification in lieu of complying with § 1681c-2, and denies that it wrongfully refused to block any information. Innovis further states that it maintained and followed reasonable procedures for handling identity-theft disputes.

87.     Innovis's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

28

**RESPONSE:**  Denied.

88.    Alternatively, Innovis negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  Denied.

**COUNT II - VIOLATIONS OF 15 U.S.C. §16811**
**AGAINST INNOVIS**

89.    Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 and incorporates those responses here by reference.

90.    During the relevant time frame, Innovis received Plaintiffs disputes which requested that the fraudulent information be removed from his credit file.

**RESPONSE**:   Innovis admits only that it received a written dispute from Plaintiff identifying certain disputed addresses, inquiries and certain Synchrony accounts, including a JCPenney account ending in 8460, a Lowe's account ending in 2901, and a Rooms To Go account ending in 3894. Innovis further states that the JCPenney account ending in 8460 was blocked, and that the Lowe's account ending in 2901 and Rooms To Go account ending in 3894 were not reporting in Plaintiff's Innovis file. Innovis denies any remaining allegations. Innovis violated 15 U.S.C. § 16811 by failing to correct, update or delete inaccurate information in Plaintiffs credit file after receiving actual notice of inaccuracies contained therein.

**RESPONSE**:  Denied.

91.    Innovis's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**:  Denied.

29

92.     Alternatively, Innovis negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  Denied.

### COUNT III - VIOLATIONS OF 15 U.S.C. §1681e(b)
### AGAINST INNOVIS

93.     Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 and incorporates those responses here by reference.

94.     Innovis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**RESPONSE**:  Denied.

95.     After receiving Plaintiffs disputes, Innovis was placed on notice that it was reporting fraudulent information, yet Innovis continues to include the fraudulent information in Plaintiffs credit file.

**RESPONSE**:  Denied. Innovis denies that it failed to establish or follow reasonable procedures to assure maximum possible accuracy or that it continued to include the fraudulent information in Plaintiff's credit file.

96.     Innovis's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**:  Denied. Innovis denies that it continued to include fraudulent information in any consumer report furnished to a third party after Plaintiff's dispute.

97.     In the alternative, Innovis negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  Denied.

## COUNT IV - VIOLATIONS OF 15 U.S.C. §1681C-2
### AGAINST EXPERIAN

98.     Plaintiff incorporates by reference paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs  1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 and incorporates those responses here by reference.

99.     During the relevant timeframe, Experian received Plaintiff's disputes which requested a block of the fraudulent information.

**RESPONSE**:  The allegations in Paragraph 100 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

100.     Plaintiff disputed the information on his Experian credit report, identified himself, advised Experian of the information being fraudulent, furnished Experian with a copy of his police report, and requested that Experian block the fraudulent information.

**RESPONSE**:  The allegations in Paragraph 101 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

101.     Rather than block the fraudulent information, Experian negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of Section 1681c-2.

**RESPONSE**:  The allegations in Paragraph 102 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

102.    Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive‑ damages in an amount to be determined by the Court pursuant to 15 U.S.C. §168in.

**RESPONSE**:  The allegations in Paragraph 103 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103.    Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  The allegations in Paragraph 104 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**COUNT V - VIOLATIONS OF 15 U.S.C. §1681i**
**AGAINST EXPERIAN**

104.    Plaintiff incorporates by reference paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 and incorporates those responses here by reference.

105.    During the relevant time frame, Experian received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

**RESPONSE**:  The allegations in Paragraph 106 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

106.    Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiffs credit file after receiving actual notice of inaccuracies contained therein.

**RESPONSE**:  The allegations in Paragraph 107 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

107.    Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**:  The allegations in Paragraph 108 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

108.    Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  The allegations in Paragraph 109 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## COUNT VI - VIOLATIONS OF U.S.C. §I6SIE(B)
## AGAINST EXPERIAN

109.    Plaintiff incorporates by reference paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 and incorporates those responses here by reference.

110.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**RESPONSE**: The allegations in Paragraph 111 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

111.    After receiving Plaintiffs disputes, Experian was placed on notice that it was reporting fraudulent information, yet Experian continues to include the fraudulent information in Plaintiffs credit file.

**RESPONSE**: The allegations in Paragraph 112 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

112.    Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**: The allegations in Paragraph 113 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

113.    In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**: The allegations in Paragraph 114 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

### COUNT VII - VIOLATIONS OF IS U.S.C. §1681C-2
### AGAINST EQUIFAX

114.    Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as if fully stated herein.

**RESPONSE**: Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 and incorporates those responses here by reference.

115. During the relevant timeframe, Equifax received Plaintiffs disputes which requested a block of the fraudulent information.

**RESPONSE**: The allegations in Paragraph 116 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

116. Plaintiff disputed the information on his Equifax credit report, identified himself, advised Equifax of the information being fraudulent, furnished Equifax with a copy of his police report, and requested that Equifax block the fraudulent information.

**RESPONSE**: The allegations in Paragraph 117 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

117. Rather than block the fraudulent information, Equifax negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of Section 1681c-2.

**RESPONSE**: The allegations in Paragraph 118 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

118. Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1683.n.

**RESPONSE**: The allegations in Paragraph 119 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

119.    Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  The allegations in Paragraph 120 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

<u>**COUNT VIII - VIOLATIONS OF 1, U.S.C. §16811**</u>
<u>**AGAINST EQUIFAX**</u>

120.    Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 and incorporates those responses here by reference.

121.    During the relevant time frame, Equifax received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

**RESPONSE**:  The allegations in Paragraph 122 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

122.    Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**RESPONSE**:  The allegations in Paragraph 123 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

123.    Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**:  The allegations in Paragraph 124 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

124.    Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  The allegations in Paragraph 125 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

### COUNT IX - VIOLATIONS OF I5 U.S.C. §1681E(B) AGAINST EQUIFAX

125.    Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82  and incorporates those responses here by reference.

126.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**RESPONSE**:  The allegations in Paragraph 127 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

127.    After receiving Plaintiffs disputes, Equifax was placed on notice that it was reporting fraudulent information, yet Equifax continues to include the fraudulent information in Plaintiffs credit file.

**RESPONSE**:  The allegations in Paragraph 128 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

128.    Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**RESPONSE**:  The allegations in Paragraph 129 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

129.    In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**RESPONSE**:  The allegations in Paragraph 130 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

<u>**COUNT X - VIOLATIONS OF I5 U.S.C. §1681S-2(B)**</u>
<u>**AGAINST SYNCHRONY**</u>

130.    Plaintiff incorporates by reference paragraphs 1, 5, 6, 7, 14-54, 59-62, 65-66, 68, and 71-82 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 5, 6, 7, 14-54, 59-62, 65-66, 68, and 71-82 and incorporates those responses here by reference.

131.    Synchrony is a furnisher under the FCRA because it provides consumer credit information concerning consumers to credit reporting agencies.

**RESPONSE**:  The allegations in Paragraph 132 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

132.     Synchrony violated 15 U.S.C. §16815-2(b) by failing to fully and properly investigate Plaintiffs disputes when it failed to review all relevant information provided by the credit reporting agencies and timely communicate with the credit reporting agencies to block or delete disputed information or tradelines.

**RESPONSE**:  The allegations in Paragraph 133 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

133.     As a result of Synchrony's violations of the FCRA, Plaintiff has been damaged. Synchrony negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o. Additionally, Synchrony committed a willful violation of the FCRA entitling Plaintiff to recover under 15 U.S.C. §168in(a).

**RESPONSE**:  The allegations in Paragraph 134 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

134.     Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to 15 U.S.C. §1681.

**RESPONSE**:  The allegations in Paragraph 135 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

### COUNT XI - VIOLATIONS OF FLA. STAT. §559.72(9)
### AGAINST SYNCHRONY

135.     Plaintiff incorporates by reference paragraphs 1, 2, 5, 6, 7,14-15, 55-62, 65-66, 68, 71-76 as if fully stated herein.

**RESPONSE**:  Innovis repeats its responses to Paragraphs 1, 2, 5, 6, 7,14-15, 55-62, 65-66, 68, 71-76  and incorporates those responses here by reference.

136.    At all relevant times to this action, Synchrony is subject to and must abide by the laws of Florida, including Fla. Stat. §559.72.

**RESPONSE**:  The allegations in Paragraph 137 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

137.    After Plaintiff placed Synchrony on notice that one or more of his accounts were used fraudulently, Synchrony had no reasonable basis to continue to seek collecting on the debt.

**RESPONSE**:  The allegations in Paragraph 138 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

138.    Synchrony violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Synchrony knew that the debt was not legitimate or asserting the existence of some other legal right when TAB Bank knew that right did not exist.

**RESPONSE**:  The allegations in Paragraph 139 are not directed to Innovis. Innovis notes that Paragraph 139 appears to refer to "TAB Bank," which is not identified as a defendant in this action. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

139.    Specifically, Synchrony communicated false debt collection information about Plaintiff.

**RESPONSE**:  The allegations in Paragraph 140 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

140.    "Any person who fails to comply with any provision of §559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $i,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining

the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with §559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. §559.77(2) (emphasis added).

**RESPONSE**: The allegations in Paragraph 141 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

141. As a result of Synchrony's violations, Plaintiff suffered damages including but not limited to emotional distress and time spent addressing Synchrony's illegal collection practices.

**RESPONSE**: The allegations in Paragraph 142 are not directed to Innovis. To the extent they could be deemed to be directed to Innovis, Innovis lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**RESPONSE:** Innovis demands a jury trial on all issues that are eligible for a jury trial.

## GENERAL DENIAL

Any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Innovis asserts the following additional or affirmative defenses:

1. Innovis complied, in good faith, with the Fair Credit Reporting Act and all other relevant law and maintained and followed reasonable procedures for handling consumer disputes and identity-theft claims.

2. Innovis acted reasonably in response to Plaintiff's dispute, including by blocking

41

the disputed SYNCB/JCPenney account ending in 8460 that matched Plaintiff's Innovis file. The SYNCB/Lowe's account ending in 2901 and SYNCB/Rooms To Go account ending in 3894, as identified by Plaintiff, were not reporting in Plaintiff's Innovis file.

3.      Plaintiff lacks standing to sue Innovis because he has not suffered a concrete injury-in-fact. Plaintiff alleges, at most, a statutory violation without any accompanying tangible harm, reliance by a third party, denial of credit, or material risk of real harm, which is insufficient to confer standing under *Spokeo, Inc. v. Robins and TransUnion LLC v. Ramirez.*

4.      Plaintiff has failed to state a claim against Innovis for which relief may be granted. Plaintiff cannot state a claim under 15 U.S.C. § 1681c-2, § 1681i, or § 1681e(b) based on accounts that were not reporting in Plaintiff's Innovis file or based on an account that Innovis blocked.

5.      Plaintiff has not suffered any actual, concrete, or compensable damages and has failed to allege damages with specificity as required by law. Plaintiff cannot recover damages from Innovis based on accounts that were not reporting in Plaintiff's Innovis file, an account that Innovis blocked, or alleged conduct by other Defendants.

6.      Plaintiff has failed to mitigate the alleged damages.

7.      Plaintiff's alleged damages, if any, were caused or contributed by Plaintiff's own actions or omissions and/or the actions or omissions of persons or entities other than Innovis, including other Defendants over whom Innovis has no control and for whom Innovis had no responsibility.

8.      Plaintiff's § 1681c-2 claim is barred because Innovis did not fail to block any information that Plaintiff identified as resulting from identity theft and that was reporting in Plaintiff's Innovis file. Innovis blocked the disputed SYNCB/JCPenney account ending in 8460 that matched Plaintiff's Innovis file, and the SYNCB/Lowe's account ending in 2901 and

42

SYNCB/Rooms To Go account ending in 3894, as identified by Plaintiff, were not reporting in Plaintiff's Innovis file.

9.  Plaintiff's claims are barred, in whole or in part, because the SYNCB/Lowe's account ending in 2901 and SYNCB/Rooms To Go account ending in 3894, as identified by Plaintiff, were not reporting in Plaintiff's Innovis file. Innovis therefore did not verify, continue reporting, publish, or delete those accounts from Plaintiff's Innovis file.

10.  Plaintiff's claims and damages are barred or limited to the extent Innovis did not furnish any consumer report to any third party containing the disputed information at issue.

11.  Plaintiff's claim for willful violation, statutory damages, and punitive damages is barred because Innovis did not knowingly, intentionally, recklessly, or willfully violate the FCRA. Innovis acted reasonably and in good faith, including by blocking the disputed account that matched Plaintiff's Innovis file and by not reporting the other accounts identified by Plaintiff.

12.  Innovis reserves the right to assert additional defenses at such time and to such extent as warranted by ongoing discovery of the facts of this case.

13.  Innovis reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

Dated:  June 8, 2026

**TROUTMAN PEPPER LOCKE LLP**
*Counsel for Defendant Innovis Data Solutions, Inc.*
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, Florida 33401
Tel.:   (561) 833-7700
Fax:    (561) 655-8719

By: */s/ Steven J. Brotman*
　　 Steven J. Brotman
　　 Florida Bar Number: 85750
　　 steven.brotman@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I presented the foregoing to the Clerk of Court for

filing and uploading to the CM/ECF system, which will provide a notice of electronic filing to:

Eyal S. Eisig, Esq.
SHARMIN & SHARMIN, P.A.
830 North Federal Highway
Lake Worth Beach, FL 33460
eyal@sharminlaw.com
*Counsel for Plaintiff*

By: /s/ *Steven J. Brotman*
    Steven J. Brotman