**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

FABIO ECHEVERRI,

        Plaintiff,

        v.

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION SERVICES
LLC, INNOVIS DATA SOLUTIONS, INC.,
and SYNCHRONY FINANCIAL, INC.,

        Defendants.

Case No. 1:26-cv-22353-JB

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Fabio Echeverri's ("Plaintiff") Complaint for Damages, (ECF No. 1) (the "Complaint"), as follows:

1.     In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages or relief whatsoever. As to the allegations against the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.     In response to paragraph 2 of the Complaint, Experian admits that the Complaint purports to state claims under the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.72 *et. seq.* against Synchrony. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations against Synchrony, on that basis, denies, generally and specifically, the allegations.

## JURISDICTION AND VENUE

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on the claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*  Experian states that this is a legal conclusion which is not subject to denial or admission.

4.      In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for its claims under the FCCPA against Synchrony.  Experian states that this is a legal conclusion which is not subject to denial or admission.

5.      In response to paragraph 5 of the Complaint, Experian admits that it is qualified to do business and conducts business in the State of Florida.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

7.      In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian admits that it is a "person" as defined by 15 U.S.C. § 1681a(b).  Experian also admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9.      In response to paragraph 9 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian admits that it is qualified to do business and conducts business in the State of Florida.  Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and as such, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.      In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.      In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.      In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.      In response to paragraph 15 of the Complaint, Experian is without knowledge or

- 3 -

information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT

18.     In response to paragraph 18 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian admits that the FCRA, 15 U.S.C. § 1681 *et seq.*, was enacted in 1970 and that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

19.     In response to paragraph 19 of the Complaint, Experian admits that Plaintiff purports to set forth requirements or obligations of the FCRA.  Experian states that the FCRA is a federal statute that speaks for itself as to content, form, and legal effect, and denies any allegations in paragraph 19 inconsistent therewith.

20.     In response to paragraph 20 of the Complaint, Experian admits that Plaintiff purports to set forth portions of congressional hearing testimony.  Experian states that the cited hearing testimony speaks for itself as to content, form, and legal effect, and denies any allegations in paragraph 20 inconsistent therewith.

21.     In response to paragraph 21 of the Complaint, Experian admits that Plaintiff purports to set forth requirements or obligations of the FCRA.  Experian states that the FCRA is a federal statute that speaks for itself as to content, form, and legal effect, and denies any allegations in paragraph 21 inconsistent therewith.

22.     In response to paragraph 22 of the Complaint, Experian admits that Plaintiff purports to set forth requirements or obligations of the FCRA.  Experian states that the FCRA is a federal statute that speaks for itself as to content, form, and legal effect, and denies any allegations in paragraph 22 inconsistent therewith.

23.     In response to paragraph 23 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian admits that the FCRA, 15 U.S.C. § 1681 *et seq.*, was amended in 2003 by the Fair and Accurate Credit Transactions Act and that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

24.     In response to paragraph 24 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian admits that the FCRA, 15 U.S.C. § 1681 *et seq.*, was amended in 2003 by the Fair and Accurate Credit Transactions Act and that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

25.     In response to paragraph 25 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian admits that the FCRA, 15 U.S.C. § 1681 *et seq.*, was amended in 2003 by the Fair and Accurate Credit Transactions Act and that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

26.     In response to paragraph 26 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

27.     In response to paragraph 27 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of 12 C.F.R. § 1022.3(i)(1)(iii)(A) that is inconsistent with its text, structure, or legislative history.

28.     In response to paragraph 28 of the Complaint, Experian states that this paragraph contains legal conclusions and quotations from a case to which no response is required.  To the extent a response is required, Experian states that the cited case speaks for itself.

29.     In response to paragraph 29 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

30.     In response to paragraph 30 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

31.     In response to paragraph 31 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

32.     In response to paragraph 32 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

33.     In response to paragraph 33 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

34.     In response to paragraph 34 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

35.     In response to paragraph 35 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

36.     In response to paragraph 36 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

37.     In response to paragraph 37 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required,

Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

38.    In response to paragraph 38 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

39.    In response to paragraph 39 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

40.    In response to paragraph 40 of the Complaint, Experian states that this paragraph contains legal conclusions and a citation to a case to which no response is required.  To the extent a response is required, Experian states that the statute and the cited case speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

41.    In response to paragraph 41 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

42.    In response to paragraph 42 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

43.     In response to paragraph 43 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

44.     In response to paragraph 44 of the Complaint, including all subparts, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

45.     In response to paragraph 45 of the Complaint, Experian states that this paragraph contains a statement regarding the use of certain definitions in the Complaint, to which no response is required.  To the extent a response is required, Experian reserves the right to challenge the use of the terms herein where applicable.

46.     In response to paragraph 46 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

47.     In response to paragraph 47 of the Complaint, Experian admits it developed the browser-based software system with Equifax, Trans Union, and Innovis.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Complaint.

48.     In response to paragraph 48 of the Complaint, Experian admits that the system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting). Experian further admits that e-OSCAR is a Metro 2® Format compliant system.

49.     In response to paragraph 49 of the Complaint, Experian admits that, in the ordinary course, when Experian receives a consumer dispute regarding information reported by a data furnisher, Experian transmits an Automated Consumer Dispute Verification ("ACDV") to the furnisher through e-OSCAR.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Experian admits that, in the ordinary course, when Experian receives a consumer dispute regarding information reported by a data furnisher, Experian transmits an Automated Consumer Dispute Verification ("ACDV") to the furnisher through e-OSCAR.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint.

51.     In response to paragraph 51 of the Complaint, Experian states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Experian states that the statute speaks for itself.  Experian denies any characterization of the FCRA that is inconsistent with its text, structure, or legislative history.

52.     In response to paragraph 52 of the Complaint, Experian states that the referenced e-OSCAR website speaks for itself and, on that basis, denies any allegations of paragraph 52 inconsistent therewith.

53.     In response to paragraph 53 of the Complaint, Experian admits that a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

54.     In response to paragraph 54 of the Complaint, Experian admits that e-OSCAR is a Metro 2® Format compliant system.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### THE FCCPA

55.     In response to paragraph 55 of the Complaint, Experian states that the paragraph recites a purported goal of the FCCPA, and as such, no response is required.  To the extent a response is required, Experian states that the cited case speaks for itself.  Experian denies any characterization of the FCCPA that is inconsistent with its text, structure, or legislative history.

56.     In response to paragraph 56 of the Complaint, Experian states that the paragraph purports to recite a provision of the FCCPA, and as such, no response is required.  To the extent a response is required, Experian states that the cited statute speaks for itself.  Experian denies any characterization of the FCCPA that is inconsistent with its text, structure, or legislative history.

57.     In response to paragraph 57 of the Complaint, Experian states that the paragraph purports to recite a provision of the FCCPA, and as such, no response is required.  To the extent a response is required, Experian states that the cited statute speaks for itself.  Experian denies any characterization of the FCCPA that is inconsistent with its text, structure, or legislative history.

58.     In response to paragraph 58 of the Complaint, Experian states that the allegations are directed solely to Defendant Synchrony, and as such, no response is required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

### FACTUAL ALLEGATIONS

59.     In response to paragraph 59 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60.     In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64.     In response to paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65.     In response to paragraph 65 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66.     In response to paragraph 66 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     In response to paragraph 67 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68.     In response to paragraph 68 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69.     In response to paragraph 69 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

70.     In response to paragraph 70 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.     In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.     In response to paragraph 72 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.     In response to paragraph 73 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.     In response to paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77.     In response to paragraph 77 of the Complaint, as to the allegations directed at Experian, Experian denies, generally and specifically, each and every allegation contained therein, and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations directed to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.     In response to paragraph 78 of the Complaint, Experian states that the paragraph contains legal conclusions and citation to cases to which no response is required.  To the extent a response is required, Experian states that the cited case law speaks for itself and denies any characterization of the case law inconsistent therewith.

79.     In response to paragraph 79 of the Complaint, as to the allegations directed at Experian, Experian denies, generally and specifically, each and every allegation contained therein, and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations directed to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian further states that the paragraph contains legal conclusions and citation to cases to which no response is required.  To the extent a response is required, Experian states that the cited case law speaks for itself and denies any characterization of the case law inconsistent therewith.

80.     In response to paragraph 80 of the Complaint, as to the allegations directed at Experian, Experian denies, generally and specifically, each and every allegation contained therein, and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations directed to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81.     In response to paragraph 81 of the Complaint, as to the allegations directed at Experian, Experian denies, generally and specifically, each and every allegation contained therein, and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations directed to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 82 of the Complaint, as to the allegations directed at Experian, Experian denies, generally and specifically, each and every allegation contained therein,

and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations directed to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT I

### VIOLATIONS OF 15 U.S.C. § 1681c-2 AGAINST INNOVIS

83. In response to paragraph 83 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as though fully set forth herein.

84. In response to paragraph 84 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85. In response to paragraph 85 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

86. In response to paragraph 86 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

87. In response to paragraph 87 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

88. In response to paragraph 88 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered paragraph containing a prayer for relief on page 21 of the Complaint, Experian denies that Plaintiff is entitled to the requested relief, or any relief whatsoever against Experian.

## COUNT II

### VIOLATIONS OF 15 U.S.C. § 1681i AGAINST INNOVIS

89.    In response to paragraph 89 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as though fully set forth herein.

90.    In response to paragraph 90 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.    In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.    In response to paragraph 92 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

93.    In response to paragraph 93 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 22 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT III

**VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST INNOVIS**

94.     In response to paragraph 94 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 12, 13, 16-53, 59-61 and 74-82 as though fully set forth herein.

95.     In response to paragraph 95 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

96.     In response to paragraph 96 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

97.     In response to paragraph 97 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

98.     In response to paragraph 98 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 23 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## <u>COUNT IV</u>

**VIOLATIONS OF 15 U.S.C. § 1681c-2 AGAINST EXPERIAN**

99.     In response to paragraph 99 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as though fully set forth herein.

100.     In response to paragraph 100 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101.     In response to paragraph 101 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102.     In response to paragraph 102 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

103.     In response to paragraph 103 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

104.     In response to paragraph 104 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 24 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT V

### VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EXPERIAN

105.     In response to paragraph 105 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as though fully set forth herein.

106.    In response to paragraph 106 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

107.    In response to paragraph 107 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

108.    In response to paragraph 108 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

109.    In response to paragraph 109 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 25 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

**COUNT VI**

**VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST EXPERIAN**

110.    In response to paragraph 110 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6-9, 16-54, 59-61, 68-73, and 77-82 as though fully set forth herein.

111.    In response to paragraph 111 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

112.    In response to paragraph 112 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

113.    In response to paragraph 113 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

114. In response to paragraph 114 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 26 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT VII

### VIOLATIONS OF 15 U.S.C. § 1681c-2 AGAINST EQUIFAX

115. In response to paragraph 115 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as though fully set forth herein.

116. In response to paragraph 116 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

117. In response to paragraph 117 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

118. In response to paragraph 118 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

119. In response to paragraph 119 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

120.    In response to paragraph 120 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 27 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT VIII

### VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EQUIFAX

121.    In response to paragraph 121 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as though fully set forth herein.

122.    In response to paragraph 122 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

123.    In response to paragraph 123 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

124.    In response to paragraph 124 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

125.    In response to paragraph 125 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 28 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT IX

### VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST EQUIFAX

126. In response to paragraph 126 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 10, 11, 16-54, 59-67, and 77-82 as though fully set forth herein.

127. In response to paragraph 127 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

128. In response to paragraph 128 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

129. In response to paragraph 129 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

130. In response to paragraph 130 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 29 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT X

- 23 -

**VIOLATIONS OF 15 U.S.C. § 1681s-2(b) AGAINST SYNCHRONY**

131.    In response to paragraph 131 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 5, 6, 7, 14-54, 59-62, 65-66, 68, and 71-82 as though fully set forth herein.

132.    In response to paragraph 132 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

133.    In response to paragraph 133 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

134.    In response to paragraph 134 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

135.    In response to paragraph 135 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 30 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## COUNT XI

### VIOLATIONS OF FLA. STAT. § 559.72(9) AGAINST SYNCHRONY

136.    In response to paragraph 136 of the Complaint, Experian restates and incorporates by reference its responses to paragraphs 1, 2, 5, 6, 7, 14-15, 55-62, 65-66, 68, 71-76 as though fully set forth herein.

137.     In response to paragraph 137 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

138.     In response to paragraph 138 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

139.     In response to paragraph 139 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

140.     In response to paragraph 140 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

141.     In response to paragraph 141 of the Complaint, Experian states that the paragraph purports to recite a provision of Fla. Stat. §559.77(2), and as such, no response is required.  To the extent a response is required, Experian states that the cited statute speaks for itself.  Experian denies any characterization of the statute that is inconsistent with its text, structure, or legislative history.

142.     In response to paragraph 142 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the un-numbered prayer for relief on page 31 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any relief whatsoever, from Experian.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (STATUTES OF LIMITATIONS AND REPOSE)

Plaintiff cannot recover against Experian to the extent that some or all of his claims for relief are barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

Plaintiff's claims against Experian are barred to the extent that all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff cannot recover against Experian to the extent that Plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE
## (LACHES)

Plaintiff cannot recover against Experian to the extent that the Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Plaintiff cannot recover to the extent that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from

Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SIXTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiff cannot recover any damages that he may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

### SEVENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

Plaintiff cannot recover to the extent that the Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be barred to the extent they are subject to a valid arbitration agreement between Plaintiff and Experian.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### TENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

- 28 -

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)  That Plaintiff take nothing by virtue of the Complaint herein and that this action be

dismissed in its entirety;

(2)  For costs of suit and attorneys' fees herein incurred; and

(3)  For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 8th day of June, 2026.


　　　　　　　　　　　　　　　　*/s/ Grant Edward Lavelle Schnell*
　　　　　　　　　　　　　　　　Grant Edward Lavelle Schnell, Esq.
　　　　　　　　　　　　　　　　Florida Bar No. 108109
　　　　　　　　　　　　　　　　GOODWIN PROCTER LLP
　　　　　　　　　　　　　　　　1900 N Street, NW
　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　Phone: (202) 346-4000
　　　　　　　　　　　　　　　　Email: gschnell@goodwinlaw.com

　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　*Experian Information Solutions, Inc.*