**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**FABIO ECHEVERRI,**                                      **CASE NO.: 1:26-cv-22353-JB**

     *Plaintiff,*

**v.**

**EXPERIAN INFORMATION SOLUTIONS,**
**INC., et al.,**

     *Defendants.*

_____/

### AMENDED[1] JOINT SCHEDULING REPORT

Plaintiff, Fabio Echeverri ("Plaintiff"), and Defendants, Experian Information Solutions, Inc. ("Experian"), Innovis Data Solutions, Inc. ("Innovis") and Synchrony Financial, Inc. ("Synchrony")[2], submit this Joint Scheduling Report and respectfully request that this case be assigned to the Standard Case Management Track.

#### A.  Likelihood of Settlement:

The Parties have engaged in early settlement discussions and are hopefully that a settlement can be reached.

#### B.  Likelihood of Appearance in the Action of Additional Parties:

The Parties do not anticipate the appearance of any additional plaintiff or defendants. However, should any additional parties be identified at a later date, the Parties agree to move to add or join any such party in compliance with the deadline identified in this Joint Scheduling

---

[1] The parties are filing an Amended Joint Scheduling Report Pursuant to the Paperless Order Striking Joint Scheduling Report Doc 23 requesting revisions to the Proposed Scheduling Order.

[2] Plaintiff has reached a resolution with Equifax Information Services LLC. The Notice of Settlement as to Defendant Equifax Information Services was filed on June 4, 2024 Doc 18., and Plaintiff anticipates the Stipulation of Dismissal will be filed shortly.

Report.

**C.  <u>Proposed Limits on the Time:</u>**

1. Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier)  **[07/21/2026]**

2. Joinder of any additional parties and filing of motions to amend the complaint by  **[07/21/2026]**

3. Written lists containing the names and addresses of all fact witnesses intended to be called at trial by  **[12/08/2026]**

4. Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by  **[12/08/2026]**

5. Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by  **[01/08/2027]**

6. Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by  **[10/08/2027]**

7. Fact discovery shall be completed by  **[02/08/2027]**

8. Expert discovery shall be completed by  **[02/08/2027]**

9. Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by  **[04/09/2027]**

10. Mediation shall be completed by  **[02/15/2027]**

11. All pretrial motions and memoranda of law, including motions in limine, shall be filed by  **[08/13/2027]**

12. Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by  **[09/13/2027]**

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties will discuss elimination of such claims and defenses on an ongoing basis. The parties will agree to discuss the elimination of evidentiary issues with respect to the authenticity of documents received via subpoena, or produced by the parties themselves, by usage of appropriate stipulations as to admissibility. The parties will agree to discuss any stipulation as to those factual issues which a party believes there is no dispute.

**E. The Necessity or Desirability of Amendments to the Pleadings:**

The Parties do not anticipate amending the pleadings at this time but reserve the right to do so if necessary.

**F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

a) Plaintiff proposes that a document produced in this litigation would be presumed to be authentic for purposes of trial if offered as evidence against the party that produced it unless the party gave notice at the time of production that the authenticity of the document may be challenged, including the reasons for such a challenge. Plaintiff further proposes that a document produced in this litigation by any third party is presumed to be authentic for purposes of trial unless except that a party may object to the authenticity of those documents within 30 days of receiving them.

b) After discovery has been conducted, the Parties will confer regarding the possibility of obtaining additional admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof. That includes attempting to stipulate as to documents

received pursuant to Rule 45 subpoena. The parties are not aware at this time of the need for advance rulings on admissibility of evidence.

c)      And to mitigate costs, Plaintiff will also seek Defendants' stipulation as to authenticity of the documents produced to avoid costly out-of-state depositions for that same purpose, or otherwise take record depositions to establish the authenticity of the documents at issue.

**G. <u>Suggestions for the avoidance of unnecessary proof and of cumulative evidence:</u>**

The Parties suggestions are contained in the previous section.

**H. <u>Suggestions on the advisability of referring matters to a Magistrate Judge or master:</u>**

All discovery disputes shall be resolved by the assigned Magistrate. The Parties do not agree on any additional matters being referred to the Magistrate other than those already required by rule.

**I. <u>Preliminary Estimate of the Time Required for Trial:</u>**

Based on what is known at this time, counsel estimates that at trial they may require:

**Plaintiff**: approximately __10__ in-court hours;

**Experian:** approximately __10__ in-court hours;

**Innovis:** approximately __10__ in-court hours;

**Synchrony:** approximately __10__ in-court hours;

***Estimated Trial Time:  __5__ days***.

**J. <u>Requested Date or Dates of Conferences Before Trial, Final Pretrial Conference and Trial:</u>**

The Parties request that a trial date be set for **<u>October 4, 2027</u>** with a pretrial conference to be set on **<u>September 27, 2027</u>**. A settlement conference, other than mediation, may be beneficial prior to a final pretrial conference.

- **<u>Any issues about:</u>**

  (i)    disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

  If electronically stored information is the subject of discovery, the Parties agree to confer as to any disputes and to attempt to produce reasonably accessible responsive documentation in a manner that does not impose undue burden or cost on either party. To the extent available, such discovery will be provided in .pdf or TIFF format. Electronically stored information shall be produced in .pdf or TIFF format by electronic file transfer or on a thumb drive, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.

  However, in all cases, the Parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the Parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

  (ii)   claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and

  The Parties are not aware of any issues at this time. The Parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the Parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  If the Parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking

such an order shall file an appropriate motion and supporting memorandum.

The Parties agree that inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. Any party that receives such information shall return it to the producing party immediately upon discovery of the information without retaining copies. The Parties will comply with any orders requiring redaction of information in otherwise non-privileged documents.

The Parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs. The Parties agree that inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. Any party that receives such information shall return it to the producing party immediately upon discovery of the information without retaining copies. The parties will comply with any orders requiring redaction of information in otherwise non-privileged documents.

**L. Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

None at this time.

**J.    Whether any party intends to use an expert and if so, the type of expert each party intends to use:**

It is unknown whether either party intends to use an expert at this time; however, any experts shall be disclosed pursuant to this Court's scheduling order

Dated: July 9, 2026

*Respectfully Submitted,*

| | |
|---|---|
| **SHARMIN & SHARMIN, P.A.** | **GOODWIN PROCTER LLP** |
| 830 North Federal Highway | 1221 Peachtree Street N.E., Suite 400 |
| Lake Worth, FL 33460 | Atlanta, GA 30361 |
| Telephone: 561-655-3925 | Telephone: (404) 581-8023 |
| Fax: 844-921-1022 | |

*/s/ Eyal S. Eisig*  
Eyal S. Eisig, Esq.  
FBN: 109438  
Email: eyal@sharminlaw.com  
*Counsel for Plaintiff*

*/s/ Grant E. Schnell*  
Grant E. Schnell, Esq.  
FBN: 108109  
Email: gschnell@goodwinlaw.com  
*Counsel for Defendant*  
*Experian Information Solutions, Inc.*

**TROUTMAN PEPPER LOCKE LLP**  
777 South Flagler Dr, Suite 215, East Tower  
West Palm Beach, FL 33401  
Telephone: (561) 833-7700

**MCGUIRE WOODS LLP**  
50 North Laura Street, Suite 3300  
Jacksonville, FL, 32202  
Telephone: (904) 798-3200

*/s/ Steven J. Brotman*  
Steven J. Brotman, Esq.  
FBN: 85750  
Email: steven.brotman@troutman.com  
*Counsel for Defendant*  
*Innovis Data Solutions, Inc.*

/s/*Jason R. Bowyer*  
Jason R. Bowyer, Esq.  
FBN: 0693731  
Email: jbowyer@mcguirewoods.com  
*Counsel for Defendant*  
*Synchrony Financial, Inc.*